899 So.2d 788 (2005)
Cassandra Denise Mills WYATT, Plaintiff-Appellee,
v.
Lester Wayne WYATT, Defendant-Appellant.
No. 39,518-CA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2005.
*789 Carol P. Lexing, Monroe, for Appellant.
Richard R. Storms, New Orleans, for Appellee.
Before STEWART, DREW and MOORE, JJ.
STEWART, J.
At issue in this appeal by Lester Wayne Wyatt is whether the trial court erred in finding that Lester's retirement was not a change in circumstances warranting a decrease in his child support obligation. The trial court concluded that Lester retired voluntarily, that he did not retire because of illness, and that he did not prove a change in circumstances. Finding no manifest error in the trial court's judgment, we affirm.

FACTS
Lester Wayne Wyatt and Cassandra Denise Mills Wyatt were divorced by judgment rendered in open court on August 27, 2002. The judgment awarded the parties joint custody of their child. Lester was ordered to pay child support in the amount of $435.82 per month retroactive to February 27, 2002, the date Cassandra filed the petition for divorce.
On April 8, 2004, Lester filed an "Emergency Petition for Review" seeking to have his child support obligation decreased. He alleged a change in circumstances due to his retirement and resultant decrease in income. The matter was taken up by a hearing officer who recommended decreasing Lester's child support obligation to $195.74 per month. At the time of the *790 divorce, Lester's monthly gross income was $2,990.12, whereas after retirement, his gross retirement pay was $1,115.74 per month. Lester also averaged earnings of $370 per month as a substitute teacher. The hearing officer concluded that Lester's retirement was not unreasonable as he retired after 23 years of service with the Department of Corrections ("DOC") and after taking substantial sick leave in the months prior to retirement. The hearing officer also concluded that Lester was not voluntarily underemployed.
Cassandra objected to the hearing officer's recommendation and sought review by the trial court. She alleged that Lester's retirement was not due to any illness, that there was no material change in circumstances requiring a reduction in child support, and that he was underemployed. Additionally, she sought payment of past due child support in the amount of $4,076.11.
The trial court heard the matter on July 2, 2004. Appearing pro se, Lester testified that he retired from his position as a lieutenant at the David Wade Correctional Center in December 2003. He claimed his retirement was due to medical problems, which he described as involving a groin injury, flat feet syndrome, and back problems. He testified that he works as a substitute teacher but that he cannot seek other employment due to his back problems. When asked what he does on a typical day, he testified that he takes care of his personal affairs, drives, goes to church, and does yard work such as mowing, running the weed-eater, and working in flower beds. He also testified that he generally plays golf twice a week but that he had not done so since April 7, 2004.
Although Lester denied owing any past due child support, he offered no proof of payments made. On cross-examination, counsel for Cassandra introduced Lester's bank records from January 2003 through May 2004. These records showed various monthly deposits by Lester in addition to his retirement pay as well as large lump sum deposits totaling $50,000 which Lester claimed to be money he later deposited into an IRA.
Lester introduced two exhibits into the record. The first was a letter dated August 20, 2002, from the DOC regarding his placement on Family and Medical Leave effective that same date and requesting physician certification regarding his medical condition and expected return to duty. The second was a letter dated June 16, 2004, by Mark F. Dollar, M.D., to the Veterans Affairs Administration ("VA") asking that Lester be evaluated at the VA Medical Center. The letter lists Lester's various medical problems, including gastroesophageal reflux disease, hypertension, high cholesterol, chronic back pain, arthritis, and flat foot deformity. The letter notes that Lester's low back pain has "limited some of his function with daily activities and work."
Cassandra testified that Lester did not pay child support for the months of February 2002 through June 2002, September 2002, February 2004, and March 2004. He made partial payments for the months of July 2002, August 2002, and January 2004. The past due amount totaled $4,076.11. Cassandra testified that she received full payment only for the months of October 2002 through December 2003 when an income assignment order was in effect and payment was made through the DOC.
We note that much of Lester's own testimony as well as his cross-examination of Cassandra seemed to address the initial award of support that was retroactive to the date of the filing of the divorce petition. However, that award is final, not subject to review, and not relevant to the determination of whether Lester's support *791 obligation should be reduced due to his post-divorce retirement.
On July 8, 2004, the trial court denied Lester's request for reduction in open court. The trial court found that Lester did not retire due to any illness or medical necessity. Rather, the court believed that Lester's retirement was voluntary. Lester had completed 23 years of service, inclusive of three years in the DROP program. The court found that Lester was not unemployable. He was able to work as a substitute teacher, tend to his daily affairs, and do various types of yard work. As such, the court found that Lester was not physically incapacitated in any way that would prevent employment. Additionally, the trial court concluded that Lester's bank records rebutted his claim that his income had diminished since retirement. The trial court determined that over the seventeen month period covered by the bank records, Lester averaged a monthly income of $3,144.27an amount equal to or greater than his pre-retirement income. Therefore, the trial court concluded that Lester failed to show a change in circumstances requiring a decrease in his child support obligation. The court also found Lester in arrears and ordered the past due support in the amount of $4,076.11 made executory. An income assignment order was attached to and made part of the judgment.

DISCUSSION
Lester argues that the trial court erred in finding that his retirement was voluntary, that he did not retire due to medical problems, and that his retirement was not a change in circumstances requiring a decrease in his child support obligation. He asks this court to adopt the hearing officer's recommendation and reduce his child support obligation to $195 per month.
A party seeking a reduction in child support must show a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award. La. R.S. 9:311(A). As discussed in Savage v. Savage, 36,138 (La.App.2d Cir.6/12/02), 821 So.2d 603, Louisiana jurisprudence distinguishes between voluntary and involuntary changes in circumstances. An involuntary change in circumstance results from fortuitous events or other circumstances beyond a person's control, such as loss of one's position or illness. Id. A voluntary change in circumstance generally does not justify a reduction in the support obligation. Id. See also Douthit v. Douthit, 31,713 (La.App.2d Cir.3/31/99), 732 So.2d 616. When a parent voluntarily terminates his or her employment, the child support obligation may be reduced if the obligor parent can show that (1) a change in circumstances occurred; (2) the voluntary change is reasonable and justified; (3) the parent is in good faith and not attempting to avoid his or her alimentary obligation; and (4) the action will not deprive the child of continued reasonable financial support. Savage, supra; Douthit, supra; and Hutto v. Kneipp, 627 So.2d 802 (La.App. 2d Cir. 1993).
Voluntary underemployment is a question of good faith of the obligor spouse. Clark v. Clark, 34,314 (La.App.2d Cir.11/1/00), 779 So.2d 822, writ denied, XXXX-XXXX (La.1/12/01), 781 So.2d 563. A parent is not deemed voluntarily unemployed or underemployed, if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment resulted through no fault or neglect of the party. Savage, supra. If a parent is voluntarily unemployed or underemployed, the child support obligation shall be calculated on the *792 basis of his or her income earning potential, unless the party is physically or mentally incapacitated or is caring for a child of the parties under the age of five. La. R.S. 9:315.11(A).
The trial court has wide discretion in resolving credibility issues, and whether the obligor parent is in good faith in reducing his or her income is a factual determination which will not be disturbed on appeal absent an abuse of the trial court's wide discretion. Savage, supra; Clark, supra.
On this record, we find no abuse of the trial court's wide discretion in determining that Lester's child support obligation would not be reduced. The trial court's finding that Lester's retirement was voluntary is sound. The record does not establish that Lester had to retire for medical reasons. The fact that Lester was placed on Family and Medical Leave on August 20, 2002, does not establish that he retired over a year later for medical reasons. Nor does the physician's letter to the VA written in July 2004 establish that Lester retired for medical reasons in December 2003. The physician's letter merely states that low back pain has limited some of Lester's function with daily activities and work; it does not state that he cannot work or that he had to retire because of medical problems.
The trial court's determination that Lester's voluntary retirement was not a material change in circumstances justifying a reduction in his child support obligation is also sound. The trial court found no change in circumstances and no diminishment in Lester's income since retirement. The bank records introduced into evidence show that Lester has financial resources in addition to his monthly retirement check. Lester's voluntary retirement is neither reasonable nor justified in light of the obligation he owes to support his minor child. The reduction he seeks would certainly deprive his child of continued reasonable financial support over the years. And Lester's past failure to pay his full child support obligation absent an income assignment order suggests that he is not in good faith and that his request for reduction based on his voluntary retirement is an attempt to avoid his alimentary obligation to his child.
The record does not establish that Lester is unemployable or unable to work. In fact, Lester has worked as a substitute teacher since his retirement. Therefore, it was reasonable for the trial court to consider Lester voluntarily underemployed. From our review of this record, we find that the trial court did not abuse its wide discretion in rejecting Lester's request for a reduction of his support obligation.

CONCLUSION
For the reasons stated, we affirm the judgment of the trial court. Costs are assessed to appellant, Lester Wayne Wyatt.
AFFIRMED.