902 So.2d 1214 (2005)
Theartis ARMSTRONG, Plaintiff-Appellant
v.
Lisa Carol Smith RAYFORD (Perkins), Defendant-Appellee.
No. 39,653-CA.
Court of Appeal of Louisiana, Second Circuit.
May 11, 2005.
*1216 Michael W. Kelly, Lake Providence, Evelyn D. Kelly, Stephen J. Katz, for Appellant.
Ellender & Ellender by Amy C. Ellender, Daniel J. Ellender, Monroe, Scott E. McElroy, Bastrop, for Appellee.
Before BROWN, GASKINS and LOLLEY, JJ.
GASKINS, J.
Theartis Armstrong appeals from a trial court judgment which denied his request to reduce his child support obligation, set arrearages, and held him in contempt for his failure to pay. We affirm the trial court judgment.

FACTS
Although never married to Lisa Carol Smith Rayford Perkins, Theartis acknowledges that he is the father of her two minor children: Taylor Gabrielle Smith Armstrong (DOB 9/5/94) and Madison Kier Armstrong (DOB 11/11/00). In March 2001, the personal relationship between the couple ended and they ceased living together.
In August 2001, the father filed a petition for joint custody of the children. Under the plan he proposed, Lisa would have primary custody of the children. Following a hearing on September 24, 2001, the trial court issued written reasons for judgment on November 28, 2001, in which it awarded joint custody of the children with the mother having primary custody. It also set child support at $717.40 per month, retroactive to August 14, 2001. The retroactive amount of $3,587.00 was ordered to be paid no later than December 20, 2001. The court also ordered that the $155.00 in social security benefits paid on behalf of the father for the children not be credited against the set amount of monthly child support; however, should the benefits come to exceed $155.00, the excess amount would be credited against the $717.40 support award. The court also directed that the monthly child support should be reduced to $400.00 during the summer months of June, July and August when the children were with the father for half the time. Judgment was signed on January 14, 2002.
On January 18, 2002, the father filed a motion for new trial, asserting that the trial court had overestimated his income which he contends is only $1,221.00 per month in social security benefits. He disagreed with the court's conclusion that he had other income. He also claimed that the children's social security income should be deducted from the support obligation. The court denied the motion, noting that the father's testimony that his only income was his social security benefits was unbelievable, particularly in light of his ability to buy two homes. The court's decision to assess the father with an additional $2,500.00 per month in income was attributable to his part ownership in the Armstrong Corporation, which operated Jewel's Place, a club where the mother had also worked. The trial court specifically *1217 found that the father was trying to hide income from Jewel's Place to reduce his child support obligation. The court gave the father no credit for the small amount of social security money received by the children because there were undetermined day care amounts paid solely by the mother; she was also paying the premiums for the children's health insurance. Judgment was signed June 17, 2002. The father did not appeal this judgment or the prior one.
On October 22, 2002, the father filed a rule to show cause why his child support should not be reduced from $717.40 to $345.00. He claimed that the children received $639.00 as income from him and that it should be offset against his monthly child support obligation. Although originally set for November 26, 2002, the rule was continued without date on the father's motion.
In June 2003, the mother filed a rule for contempt and to make past due child support executory. She asserted that the father had made no payments and he was $15,148.00 in arrears as of April 2003.
In January 2004, the father moved to refix his prior rule to show cause. Trial on both rules was held on February 20, 2004. Evidence was held open for the taking of the deposition of a CPA, Rosie Harper.
The trial court issued written reasons for judgment in August 2004, in which it found that there was no credible evidence supporting a reduction in child support. In particular, the court noted that, due to several factors including a fraudulent bankruptcy petition and a "corporate shell game" played by the father, the father had "little credibility." The evidence presented at trial showed that Jewel's Place generated $12,000.00 to $13,000.00 per month. The court also found that the evidence indicated that the father was the owner of Jewel's Place.
As to the issue of contempt, the trial court found that the father had willfully failed to pay even "one penny" toward his child support obligation. It sentenced him to six months in jail. The court directed that a hearing be held at which the father could partially purge himself of the contempt; it was set for September 3, 2004. By the court's calculations, arrearages were in the amount of $24,322.00, minus social security credits of $3,214.00, or a total of $21,108.00 in past due child support. The court directed that $10,000.00 be paid within 30 days from the date of judgment and that the remaining arrearages be paid at a rate of $300.00 per month beginning October 1, 2004. Judgment was signed July 30, 2004.
On September 3, 2004, the parties presented an agreement to the trial court which it deemed to be in the best interest of the children. Pursuant to this agreement, the father was ordered to transfer a tract of land to the mother for which he would be given a credit of up to $11,000.00, depending upon the land's assessed value. The father represented that the property was free of any encumbrances and the court held that, should this prove false, it would be grounds for another contempt finding. The court further ordered that the father be given a credit of $300.00 per month for the present social security benefit being received by the children and that his ongoing support be $417.40 per month as of September 2004. The father was also ordered to pay $300.00 per month toward his arrearages beginning in October 2004 and to pay the mother's attorney fees of $1,000.00 on or before September 10, 2004. The jail sentence was stayed pending a hearing on October 29, 2004. This order was signed September 24, 2004.
The father appealed the July 30, 2004 judgment.[1]

*1218 CHILD SUPPORT AWARD

Arguments
The father concedes that he did not appeal the initial 2002 award setting child support. However, he claims that the trial court was clearly wrong in that first judgment, that the issue of the $2,500.00 additional monthly income imputed to him by the trial court was not properly litigated at the first hearing, and that equity demands that the matter be revisited. He also contends that a reduction in support is merited because there has been a material change in circumstances.
According to the father, his income was set by the trial court at the first hearing based only upon the uncorroborated testimony of the mother. He asserts that at the second hearing he was able to provide more detailed financial information establishing that his only income was social security benefits. He also claimed material changes of circumstance in that he filed bankruptcy and the social security benefits to the children increased. The father seeks to reduce his monthly child support obligation to only $304.27.
The mother maintains that the father's current appeal amounts to an improper and untimely attempt to appeal the first judgment which became final in 2002. As to the father's income, she points out that the trial court found the father to be lacking in credibility in both 2001 and 2004.

Law
La. R.S. 9:311(A) provides:
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
Likewise, La. C.C. Art. 142 states:
An award of child support may be modified if the circumstances of the child or of either parent materially change and shall be terminated upon proof that it has become unnecessary.
Requiring proof of a change of circumstances is, in general, valid, and is useful to prevent relitigation of the same issues and to protect the finality of judgments and compromises. A change of circumstances is a change material to the well-being of the child and his or her support that has occurred since the rendering of the original award. Craft v. Craft, 35,785 (La.App. 2d Cir.1/23/02), 805 So.2d 1213. The party seeking a reduction of his child support obligation has the burden of proving that modification is warranted, i.e., that a change of circumstances sufficient to justify the decrease has occurred. Craft, supra.
In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. Pearce v. Pearce, 348 So.2d 75 (La. 1977). The factual findings of the trial court are therefore to be accorded very substantial weight on review. Pearce, supra.
The trial court's credibility determinations regarding a party's sources of income are entitled to great weight. Roberts v. Roberts, 95-1626 (La.App. 4th Cir.6/5/96), 677 So.2d 1042; Sporl v. Sporl, XXXX-XXXX (La.App. 5th Cir.5/30/01), 788 So.2d 682, writ denied, XXXX-XXXX (La.10/12/01), 799 So.2d 506.

Discussion
The father's true complaint is against the initial judgment setting child *1219 support. However, as he concedes, the father did not appeal from that judgment.[2] Instead he failed to pay any money owed under the first judgment and later filed a motion to modify. At the 2004 hearing on this motion, the father admitted in his testimony that his income had not changed since the 2001 hearing. The trial court, which had the benefit of observing the witnesses, found that no credible evidence supported the rule to reduce, and it specifically noted the father's lack of credibility. Furthermore, the trial court observed the fraud in the father's bankruptcy proceedings; the evidence demonstrated that his bankruptcy petition was replete with false information. As to the father's contention that the issues were not properly litigated at the first hearing, we note that he was represented by counsel at that proceeding while the mother was unrepresented.
Our review of the record shows no abuse of the trial court's discretion.

SOCIAL SECURITY
As to the social security payments, the father argues that he should be given full credit for the social security benefits paid to the children due to his disability, not just the amount above $310.00. The mother contends that the trial court has discretion in making such a decision. Also, in the cases cited by the father, the payor parent's only income was disability benefits; here, the trial court found that the father had other income.
If the sum directed to be paid by the father is paid through social security benefits derived from the father's account, the purpose of the order for support has been accomplished. Faul v. Faul, 548 So.2d 957 (La.App. 3rd Cir.1989); Lamkin v. Flanagan, 37,911 (La.App. 2d Cir.1/28/04), 865 So.2d 916, writ denied, XXXX-XXXX (La.6/4/04), 876 So.2d 89.
However, social security benefits received by a child do not differ from any other type of income received by the child, as contemplated by La. R.S. 9:315.7, in that it is within the trial court's discretion whether to allow the child's social security benefit to be credited against the parent's obligation as determined under the guidelines. The fact that the income received by the child is a social security benefit does not automatically entitle the parent to a credit against a child support obligation. Rougeau v. Rougeau, 2002-484 (La.App. 3d Cir.10/30/02), 829 So.2d 1125.
The trial judge is given great discretion in either granting or modifying child support awards and his decision will not be set aside or amended on appeal absent a clear abuse of that discretion. Lamkin v. Flanagan, supra; Musacchia v. Musacchia, XXXX-XXXX (La.App. 5th Cir.1/30/01), 778 So.2d 1158.
The trial court initially chose not to give the father credit for the first $155.00 per child of the social security benefits received by the children since it did not have an accurate picture of the father's actual monthly income or net worth and the mother, a school teacher, was bearing the full cost of child care and the premiums for the children's health insurance. However, the court directed that benefits over $155.00 be credited against his child support obligation. The trial court found that, contrary to his testimony, the father had income other than his social security benefits. Since the father's business mostly involved cash and in view of the father's questionable credibility, the trial court did not believe that an accurate overview of his finances was presented by the evidence. Given these facts, we find no clear abuse of the trial court's great discretion.

*1220 CONTEMPT
The father seeks to have the contempt finding set aside on the basis that the trial court erred in setting arrearages by refusing to reduce his payments or to give him proper credit for the social security payments. The mother maintains that the contempt citation was proper.
The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying the court's order and its decision will only be reversed when the appellate court can discern an abuse of that discretion. Mizell v. Mizell, 37,004 (La.App. 2d Cir.3/07/03), 839 So.2d 1222.
A proceeding for contempt in refusing to obey the trial court's orders is not designed for the benefit of the litigant, though infliction of a punishment may inure to the benefit of the mover in the rule. The object of the proceeding is to vindicate the dignity of the court. Mizell v. Mizell, supra; Martin v. Martin, 37,958 (La.App. 2d Cir.12/10/03), 862 So.2d 1081, writ not considered, XXXX-XXXX (La.3/12/04), 869 So.2d 807.
Our review of the record indicates that the trial court properly exercised its discretion as to crediting the social security benefits and in assessing the father's arrearages. Furthermore, by his own admission, the father has made no payments at all toward his child support obligation. He claimed that he lacked the funds to do so. However, he testified he has a 2000 Ford Explorer which he purchased in 2001 and upon which he pays $500 per month. He testified that he has never considered getting rid of this vehicle in favor of a more affordable car.[3] He lives in a house which he is buying. He can afford to give his grown children gifts of money. He owns a computer and pays monthly for internet connection and for cable television. In essence, his testimony established that he was able to pay the expenses that he wished to pay.
We find no abuse of the trial court's great discretion in finding the father in contempt of court for his willful refusal to pay his child support obligation.

SUMMER REDUCTION
The father also requests that the trial court's order of September 24, 2004, be amended to reduce his child support obligation to $100.00 per month for the three summer months. However, the father appealed only from the July 30, 2004, judgment. Consequently, the subsequent order is not properly before this court.

CONCLUSION
The trial court judgment is affirmed. Costs are assessed against the plaintiff/appellant, Theartis Armstrong.
AFFIRMED.
NOTES
[1] Although he sought a suspensive appeal, the trial court granted only a devolutive appeal.
[2] Although he filed a motion for new trial, it was denied.
[3] There was some indication that the corporation pays for the vehicle, a business that the father claims does not employ him. Either way, this vehicle indicates that the father receives income which he has denied in these proceedings.