960 So.2d 1223 (2007)
Dana Dycus STRANGE, Plaintiff-Appellee,
v.
Tracy G. STRANGE, Defendant-Appellant.
No. 42,318-CA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*1225 Loomis & Dement by Albert E. Loomis, III, Monroe, for Appellant.
Barry W. Dowd, for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
GASKINS, J.
Tracy Strange appeals from a trial court judgment reducing the amount of child support to be paid by Dana Dycus Strange (now Crumley) for the parties' two children. For the following reasons, we affirm the trial court judgment.

FACTS
The parties were married in October 1992 and had two children, Tracy Alexandra, born June 7, 1993, and Daniel Riley, born December 16, 1997. The parties separated in August 2000 and were divorced in March 2001. In June 2001, the trial court granted joint custody and named the father as the primary domiciliary parent. In March 2004, the trial court entered a judgment ordering the mother to pay $540.57 per month for child support retroactive to November 2003.
The mother had been employed at a car rental company earning approximately $23,000.00 per year. She remarried, had another child, and quit her job. On October 12, 2005, she filed a motion to reduce child support, claiming that she was unemployed and was staying at home to care for the new child. The father answered, claiming that the mother was voluntarily unemployed. These claims, and others not presently before this court, were submitted to a hearing officer, who ruled that the claim for a reduction should be denied.
The mother filed an objection to the hearing officer's report, stating:
The mother filed the rule to decrease based on her new conditions and other reasons, which include the fact that the father has a new job, new circumstances, and other reasons to be shown at the trial of this matter. Assuming arguendo the mother is voluntarily underemployed, the child support should be modified in accordance with the law and the guidelines.
The father filed a motion to strike, claiming that the mother did not raise the issue of his new job with the hearing officer.
*1226 The trial court commenced the hearing on this matter on March 29, 2006; it denied the motion to strike. The father testified that at the time of the original child support award, he was working part-time at Conway Hospital for $6.20 per hour, was receiving residuals from the sale of insurance policies, and was a full-time student in radiologic technology. At the time of the hearing, he had graduated and was working for Monroe Medical Clinic, earning approximately $16.00 per hour. He also still received some insurance residuals of about $600.00 per month.
The mother testified that she had been employed at a car rental agency earning approximately $23,000.00 per year. She had remarried and had another child in April 2005. She admitted that she voluntarily quit her job to stay home with the baby and to help her new husband in his landscaping business. She testified that she answered phone calls and did some bookkeeping for the business, but was not paid for her efforts. However, her work kept her husband from having to hire an employee. The court left the evidence open to obtain more information on the father's income. The hearing resumed on September 21, 2006. The father furnished information regarding his salary, as well as insurance premiums and medical expenses for the children.
The mother reiterated her prior testimony concerning her earnings while employed. She stated that her baby was 18 months old and she was expecting another child. She outlined the amounts spent in her current household for housing, utilities, a car note, and food. The court also received evidence concerning the earnings of the mother's new husband.
On October 23, 2006, the trial court issued its "Ruling, Order and Judgment" in this matter. The court found that the mother is voluntarily underemployed; the court would not say that she was unemployed, because she helped her current husband in his business, even though she was not paid for her work. The court stated that, "after considering the overall economic impact on the parties, the ways and means of the parties, and the best interest of all the minor children potentially [a]ffected by the requests of all the parties to this cause (as well as the equities and reasoning behind the `underemployment')," a reduction in the mother's child support obligation was in order for a limited time. The court ordered that her obligation be reduced to $400.00 per month for a period of 18 months, subject to automatic review upon the filing of a motion for review by the father. All other relief requested by the parties was denied. The father appealed.[1]

DEVIATION FROM CHILD SUPPORT GUIDELINES
On appeal, the father argues that the trial court erred in failing to adhere to the guidelines set forth in La. R.S. 9:315.1(B)(1) by not giving specific oral and written reasons for deviation from the child support guidelines, by not finding the amount of support required under a *1227 mechanical application of the guidelines, by not making a finding as to the particular facts and circumstances that warrant a deviation from the guidelines, and by not making all of these factors a part of the record of the proceedings. The father also contends that the trial court did not follow La. R.S. 9:315.1(C) in considering factors that would justify a deviation from the child support guidelines.[2]
Closely tied to this argument, the father claims that the trial court erred in reducing child support because the mother had a child under the age of five who was not the child of the parties, the mother is unemployed, and the father now earns more than when the child support order was originally entered. The father contends that the law offers relief from a child support obligation for a child under the *1228 age of five only if it is the child of the parties.

Legal Principles
The Louisiana Child Support Guidelines set forth the method for implementation of the parental obligation to pay child support. La. R.S. 9:315, et seq.; Gardner v. Gardner, 41,655 (La.App.2d Cir.12/27/06), 946 So.2d 321. The guidelines are intended to fairly apportion between the parents the mutual financial obligation they owe their children in an efficient, consistent and adequate manner. Child support is to be granted in proportion to the needs of the children and the ability of the parents to provide support. Gardner v. Gardner, supra.
The guidelines are to be used in any proceeding to establish or modify child support. La. R.S. 9:315.1(A); State ex rel. Metcalf v. Samuels, 34,402 (La.App.2d Cir.12/20/00), 775 So.2d 1162; Germany v. Germany (La.App.6 1st Cir.1992), 599 So.2d 350. The guidelines are mandatory and provide limits and structure to the trial court's discretion in setting the amount of support. The trial court's child support judgment will not be disturbed absent a clear abuse of discretion. Aydelott v. Aydelott, 42,161 (La.App.2d Cir.5/9/07), 957 So.2d 350.50
There is a rebuttable presumption that the amount of child support obtained by use of the guidelines is proper and in the child's best interest. La. R.S. 9:315.1(A); Aydelott v. Aydelott, supra. The trial court may deviate if it finds that application of the guidelines would not be in the child's best interest or would be inequitable to the parties. Aydelott v. Aydelott, supra.
La. R.S. 9:315.1(B) mandates that the trial court give specific oral or written reasons for a deviation and include specific findings as to the amount of support that would have been required under a mechanical application of the guidelines and as to the particular facts and circumstances that warranted the deviation. This information is required to be made part of the record of the proceedings. Aydelott v. Aydelott, supra. When a trial court decides that deviation is appropriate, it should fully explain what the support should be if it were not deviating and how much is being allowed for each factor of deviation. Utilizing and fully explaining the deviation gives an appellate court a basis to review the appropriateness of the deviation. State ex rel. Metcalf v. Samuels, supra. If the trial court fails to follow the mandatory procedure for deviation set forth in La. R.S. 9:315.1, it is legal error and precludes review of the deviation under the manifest error standard. Aydelott v. Aydelott, supra; Peck v. Peck, 37,184 (La.App.2d Cir.5/14/03), 847 So.2d 111.
Where the record contains adequate information, this court may apply the guidelines and render a support judgment rather than remand to the trial court for further proceedings. Aydelott v. Aydelott, supra; Gardner v. Gardner, supra.
A party seeking a reduction in child support must show a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award. La. R.S. 9:311(A); Wyatt v. Wyatt, 39,518 (La.App.2d Cir.4/6/05), 899 So.2d 788. Louisiana jurisprudence distinguishes between voluntary and involuntary changes in circumstances. An involuntary change in circumstances results from fortuitous events or other circumstances beyond a person's control, such as loss of one's position or illness. A voluntary change in circumstances generally does not justify a reduction in the support obligation. When a parent voluntarily terminates his or her employment, the child support obligation may be reduced if the *1229 obligor parent can show that (1) a change in circumstances has occurred; (2) the voluntary change is reasonable and justified; (3) the parent is in good faith and not attempting to avoid his or her alimentary obligation; and (4) the action will not deprive the child of continued reasonable financial support. Wyatt v. Wyatt, supra.
Voluntary underemployment is a question of good faith of the obligor spouse. If a parent is voluntarily unemployed or underemployed, the child support obligation shall be calculated on the basis of his or her income earning potential, unless the party is physically or mentally incapacitated or is caring for a child of the parties under the age of five. La. R.S. 9:315.11(A).
The trial court has wide discretion in resolving credibility issues, and whether the obligor parent is in good faith in reducing his or her income is a factual determination which will not be disturbed on appeal absent an abuse of the trial court's wide discretion. Wyatt v. Wyatt, supra.

Discussion
The question before the court was whether child support should be reduced under the facts presented in this case. After finding that the mother was voluntarily underemployed, the trial court allowed a reduction of her support award to $400.00 per month for her two oldest children for a period of 18 months.
In making its decision, the trial court did not strictly comply with the mandatory statutory language of La. R.S. 9:315.1 which requires that, in deviating from the guidelines, the trial court must calculate the support due under the guidelines, give reasons for the deviation, and state the particular facts and circumstances that warrant the deviation. This procedure must be followed whether initially setting a child support award or modifying an existing support order. The trial court failed to calculate the support due under the guidelines before determining that a deviation was in order. However, the court did give reasons for its deviation. Based upon all the facts and circumstances in the record, we do not find that the trial court abused its discretion in granting a temporary reduction in child support in this case.
In reviewing the trial court judgment, we begin, as statutorily required, with a determination of the support award under the child support guidelines. At the hearing on the motion to reduce child support, the father testified that he currently has a gross monthly income of $3,414.57. The mother's earning potential was shown to be $1,916.66 per month. According to the father, these figures, combined with child care costs, health insurance, and extraordinary medical expenses, show that the mother's child support obligation would be $630.65, not considering expense sharing with her new husband. These figures have not been disputed by the mother.
As stated above, the father did not request an increase in child support until after the hearing on the motion to reduce was concluded. Even if supported by the facts, we could not increase the award when that issue has not been submitted for decision to the trial court. However, we find that the trial court did not err in temporarily reducing the support obligation.
The record shows that the mother carried her burden of proving that a reduction was warranted. She claimed that she quit her job to care for a new infant not of the parties. She also testified that she was expecting another child. La. R.S. 9:315.11 provides in pertinent part:
A. If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of *1230 his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. In determining the party's income earning potential, the court may consider the most recently published Louisiana Department of Labor Wage Survey. [Emphasis supplied.]
Because the new children are not "of the parties," La. R.S. 9:315.11 does not apply to allow a deviation from the mother's support obligation. See Trahan v. Panagiotis, 94-1281 (La.App. 3d Cir.4/5/95), 654 So.2d 398, writ denied, 95-1720 (La.10/27/95), 661 So.2d 1350; Germany v. Germany, supra; Roberts v. Roberts, 95-1626 (La.App. 4th Cir.6/5/96), 677 So.2d 1042.[3]
However, in determining whether to deviate from the guidelines, La. R.S. 9:315.1(C)(2) allows the trial court to consider the legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party's household. Also, La. R.S. 9:315.1(C)(8) allows the court to look at any other consideration which would make application of the guidelines not in the best interest of the children or inequitable to the parties.
The mother was voluntarily underemployed, as determined by the trial court. The record shows that the underemployment was reasonable and justified. The mother was in good faith in choosing to stay at home with her younger children; she was not merely attempting to avoid her support obligation to her older children. Her action will not deprive the older children of reasonable financial support.
We note that while employed, the mother earned $23,000.00 per year. If she were required to return to work while the younger children are still infants, the child care expenses will likely eliminate any financial gain she might receive by working.
We also note that, under the trial court's ruling, the mother's previous child support obligation of $540.57 for her older children has not been eliminated, but has simply been reduced by approximately $140.00 per month. Further, the reduction is temporary, and is subject to review again in 18 months. Due to the mother's additional obligation to support and care for her new children, a slight, temporary reduction in her child support obligation was not an abuse of the trial court's discretion.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment reducing the child support obligation of Dana Dycus Strange Crumley. Costs in this court are assessed to Tracy G. Strange.
AFFIRMED.
NOTES
[1] On September 26, 2006, the father filed a motion to increase child support, claiming that the evidence showed that an increase was warranted and that the trial court should not deviate from the child support guidelines. We note that this motion was filed five days after the hearing on the motion to reduce child support and before the trial court judgment at issue here. The trial court ruling did not address the motion for an increase. Even though the father urges that we set an increased amount of child support in accordance with the child support guidelines, this issue has not been addressed by the trial court and is not properly before this court for review. The only issue before us is whether a reduction should have been granted, and whether the court erred in deviating from the child support guidelines in awarding a reduction.
[2] La. R.S. 9:315.1 provides in pertinent part:

A. The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.
B. (1) The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
. . . .
C. In determining whether to deviate from the guidelines, the court's considerations may include:
(1) That the combined adjusted gross income of the parties is not within the amounts shown on the schedule in R.S. 9:315.19.
(a) If the combined adjusted gross income of the parties is less than the lowest sum shown on the schedule, the court shall determine an amount of child support based on the facts of the case, except that the amount awarded shall not be less than the minimum child support provided in R.S. 9:315.14.
(b) If the combined adjusted gross income of the parties exceeds the highest sum shown on the schedule, the court shall determine an amount of child support as provided in R.S. 9:315.13(B).
(2) The legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party's household.
(3) That in a case involving one or more families, consisting of children none of whom live in the household of the noncustodial or nondomiciliary parent but who have existing child support orders (multiple families), the court may use its discretion in setting the amount of the basic child support obligation, provided it is not below the minimum fixed by R.S. 9:315.14, if the existing child support orders reduce the noncustodial or nondomiciliary parent's income below the lowest income level on the schedule contained in R.S. 9:315.19.
(4) The extraordinary medical expenses of a party, or extraordinary medical expenses for which a party may be responsible, not otherwise taken into consideration under the guidelines.
(5) An extraordinary community debt of the parties.
(6) The need for immediate and temporary support for a child when a full hearing on the issue of support is pending but cannot be timely held. In such cases, the court at the full hearing shall use the provisions of this Part and may redetermine support without the necessity of a change of circumstances being shown.
(7) The permanent or temporary total disability of a spouse to the extent such disability diminishes his present and future earning capacity, his need to save adequately for uninsurable future medical costs, and other additional costs associated with such disability, such as transportation and mobility costs, medical expenses, and higher insurance premiums.
(8) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.
. . . .
[3] We note that the substance of La. R.S. 9:315.11 was formerly contained in La. R.S. 9:315.9 and was reenacted and redesignated by Acts 2001, No. 1082, § 1.