12 So.3d 984 (2009)
Scott Richard DURFEE, Plaintiff-Appellee
v.
Amber D'Laine DURFEE, Defendant-Appellant.
No. 44,281-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 2009.
Rehearing Denied June 18, 2009.
*986 Raley Law Firm, by Robert W. Raley, Bossier City, for Appellant.
William B. King, Shreveport, for Appellee.
Before PEATROSS, DREW & LOLLEY, JJ.
PEATROSS, J.
Following a Rule to Show Cause in this child support case, the trial court ordered that Amber D'Laine Durfee pay to Scott Durfee monthly child support in the amount of $473.21, through income assignment order. The trial court further ordered that Ms. Durfee continue to provide health insurance coverage for the two minor children, but specifically disallowed Ms. Durfee to deduct the monthly health insurance premiums from her total child support obligation. This appeal ensued. For the reasons stated herein, we reverse the judgment of the trial court and remand for further proceedings in accordance with this opinion and applicable law and jurisprudence.

FACTS
Mr. and Mrs. Durfee divorced and an interim judgment was entered in 2004 granting the parties shared custody of their two minor children with Mr. Durfee being ordered to pay to Ms. Durfee $500 in monthly child support. Subsequently, in March 2006, Ms. Durfee filed a Rule to increase the amount of child support paid to her by Mr. Durfee. That matter was apparently never litigated; however, the Department of Social Services filed a Rule to Increase Child Support in May 2007. The hearing officer presiding over the matter recommended that the amount of child support paid by Mr. Durfee to Ms. Durfee be reduced from $500 per month to $158 per month. The hearing officer's recommendations were implemented by the trial judge on August 18, 2006.
According to Ms. Durfee, however, the reduction in child support left her unable to properly care for the two minor children and in February 2007, as a purported solution to the problem, Ms. Durfee signed a consent judgment granting Mr. Durfee sole custody of the two minor children which included a clause that "neither party will pay child support to the other." According to Ms. Durfee, Mr. Durfee assured her that he would not require her to pay child support once she signed the consent judgment granting him sole custody of the children. Less than a year later, Mr. Durfee filed a rule to establish support through the Department of Social Services *987 and the case was referred back to the civil judge.
Mr. Durfee then filed a Rule to Show Cause in June 2008 asking for child support to be set by the trial court. Mr. Durfee claimed that there had been a change in circumstances since he had been awarded sole custody of the minor children in February 2007 and that warranted reconsideration of the child support award. Since Mr. Durfee and his current wife lived in a home with Mr. Durfee's two children and his current wife's two children, Mr. Durfee's current wife quit her job in order to stay at home and care for the four children living there. Accordingly, Mr. Durfee's current wife no longer brought in her monthly income of approximately $1,732, and Mr. Durfee claimed that this constituted a change in circumstances.
Ms. Durfee filed an Exception of No Cause of Action which was overruled by the trial judge on the grounds that Mr. Durfee was legally entitled to request child support as the domiciliary parent of the children exercising sole custody. The hearing went forward on the merits and the trial judge ordered Ms. Durfee to pay monthly child support to Mr. Durfee in the amount of $473.21. The trial judge further ordered Ms. Durfee to maintain health insurance coverage for the two minor children by making direct payments for the monthly premiums in the approximate amount of $295. Finally, the trial judge ordered that Ms. Durfee was specifically prohibited from offsetting her total child support obligation by the amount of monthly health insurance premiums she paid for the minor children.
Ms. Durfee now appeals.

DISCUSSION
On review, an appellate court may not set aside the findings of fact by the trial court unless those findings are clearly wrong or manifestly erroneous. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). An appellate court must not base its determination on whether it considers the trier of fact's conclusion to be right or wrong, but on whether the fact finder's conclusion was reasonable. Stobart, supra.
In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Salvant v. State, 05-2126 (La.7/6/06), 935 So.2d 646; Stobart, supra. The appellate court must not reweigh the evidence or substitute its own factual findings because it would have decided the case differently. Pinsonneault v. Merchants & Farmers Bank & Trust Co., 01-2217 (La.4/3/02), 816 So.2d 270. Where the fact finder's conclusions are based on determinations regarding credibility of a witness, the manifest error standard demands great deference to the trier of fact because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell, supra. With regard to decisions of law, however, a trial court's ruling is subject to de novo review. Hall v. Folger Coffee Co., 03-1734 (La.4/14/04), 874 So.2d 90.
The case sub judice stems from a consent judgment signed by the parties and the trial judge in February 2007 which states that neither party will have the obligation to pay child support. A consent *988 judgment is a bilateral contract which is voluntarily signed by the parties and accepted by the court. Gray v. Gray, 37,884 (La.App. 2d Cir.12/12/03), 862 So.2d 1097. It has binding force from the voluntary acquiescence of the parties, not from the court's adjudication. Id.; Mobley v. Mobley, 37,364 (La.App. 2d Cir.8/20/03), 852 So.2d 1136; Gulledge v. Gulledge, 32,561 and 32,562 (La.App. 2d Cir.8/18/99), 738 So.2d 1229. A contract is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. See La. C.C. art. 1968.
Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining and educating their children. See La. C.C. art. 227. In Lutke v. Lutke, 33,001 (La.App. 2d Cir.2/1/00), 750 So.2d 512, this court discussed the complexities of child support disputes. The support obligation imposed on a mother and a father of minor children by La. C.C. art. 227 is firmly entrenched in our law and is a matter of public policy. See La. C.C. art. 227; Davis v. Davis, 43,490 (La.App. 2d Cir.10/22/08), 997 So.2d 149; Lutke v. Lutke, supra. Neither equity nor practical inability to pay overrides this policy or allows a parent to avoid paying his or her share of the obligation where the inability arises solely from that parent's own neglect and failure. Id.
The consent judgment signed by the parties and the trial judge in February 2007 indicates that Mr. Durfee would retain sole custody of the two minor children and that "neither party will pay child support to the other." In accordance with the statutory law and jurisprudence set forth above, we find that the portion of the consent judgment indicating that neither party is to pay child support to the other is against public policy and, thus, void. See La. C.C. art. 227; Davis v. Davis, supra; Lutke v. Lutke, supra.
Accordingly, we will discuss Ms. Durfee's first assignment of error regarding the existence of a change in circumstances after the initial child support award and the present circumstances underlying Mr. Durfee's right to child support. Ms. Durfee contends that the trial judge erred because she did not require Mr. Durfee to show an involuntary material change in circumstances before granting his motion for a modification of child support. According to Ms. Durfee, Mr. Durfee's current wife's decision to voluntarily quit her job should not be considered by the court as a reason to modify the child support award. We agree.
An award of child support may be modified if the circumstances of the child or of either parent materially change and shall be terminated upon proof that it has become unnecessary. See La. C.C. art. 142. A party seeking a reduction in child support must show a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award. See La. R.S. 9:311(A); Strange v. Strange, 42,318 (La.App. 2d Cir.6/20/07), 960 So.2d 1223; Wyatt v. Wyatt, 39,518 (La.App. 2d Cir.4/6/05), 899 So.2d 788. Requiring proof of a change of circumstances is useful to prevent relitigation of the same issues and to protect the finality of judgments and compromises. Armstrong v. Rayford, 39,653 (La.App. 2d Cir.5/11/05), 902 So.2d 1214; Craft v. Craft, 35,785 (La.App. 2d Cir.1/23/02), 805 So.2d 1213. A change of circumstances is a change material to the well-being of the child and his or her support that has occurred since the rendering of the original award. Armstrong v. Rayford, supra; Craft v. Craft, supra.
*989 Louisiana jurisprudence distinguishes between voluntary and involuntary changes in circumstances. Strange v. Strange, supra. An involuntary change in circumstances results from fortuitous events or other circumstances beyond a person's control, such as loss of one's employment position or illness and may support a modification of child support. Id. A voluntary change in circumstances, however, generally does not justify a reduction in the support obligation. Id.
The party seeking a reduction of his child support obligation has the burden of proving that modification is warranted, i.e., that a change of circumstances sufficient to justify the decrease has occurred. Armstrong v. Rayford, supra. When a parent voluntarily terminates his or her employment, the child support obligation may be reduced if the obligor parent can show that (1) a change in circumstances has occurred, (2) the voluntary change is reasonable and justified, (3) the parent is in good faith and not attempting to avoid his or her alimentary obligation and (4) the action will not deprive the child of continued reasonable financial support. Strange v. Strange, supra; Wyatt v. Wyatt, supra.
Voluntary underemployment is a question of good faith of the obligor spouse. Strange v. Strange, supra. If a parent is voluntarily unemployed or underemployed, the child support obligation shall be calculated on the basis of his or her income earning potential, unless the party is physically or mentally incapacitated or is caring for a child of the parties under the age of five. See La. R.S. 9:315.11(A); Strange v. Strange, supra. Whether the obligor parent is in good faith in reducing his or her income is a factual determination which will not be disturbed on appeal absent an abuse of the trial court's wide discretion. Strange v. Strange, supra; Wyatt v. Wyatt, supra; Armstrong v. Rayford, supra. Further, the trial court has wide discretion in resolving credibility issues. Id.
Mr. Durfee's brief consists of a one-page Statement of the Case wherein he sets forth the procedural history and facts of this case, followed directly by a one-page Conclusion which describes his counsel's attempts to settle this case prior to appeal. Mr. Durfee does not set forth any argument pertaining to Ms. Durfee's assertion that he should have been required to show an involuntary material change of circumstances.
While Mr. Durfee's current wife did quit her job thereby decreasing the total income of the Durfee family, Mr. Durfee did not carry his burden of proof in showing that his wife's decision to quit her job was involuntary or that it was voluntary, but still warranted. The record indicates that Mr. Durfee's wife decided to quit her job in order to stay home with the four children living in the Durfee household, all four of whom were five years old or older at the time of trial.[1] Accordingly, Mr. Durfee's wife's monthly income earning potential must be included in Mr. Durfee's current household income. The judgment of the trial court holding that Mr. Durfee proved a material change in circumstances due to his current wife's decision to quit her job, thus warranting a modification of the child support award, is, therefore, reversed and we must remand the matter for recalculation of child support.
In Ms. Durfee's second assignment of error, she argues that, if this court determines that she is required to pay *990 child support for her two children, she should be able to deduct the amount of the monthly health insurance premiums she pays for the two minor children from her total child support obligation. Mr. Durfee concedes that Ms. Durfee should be permitted to offset her total child support obligation by the amount of monthly health insurance premiums she pays for the two minor children. We agree.
After the basic child support obligation is determined, the total child support obligation is computed by adding to it the net child care costs, health insurance premiums, extraordinary medical expenses and other extraordinary expenses. See La. R.S. 9:315.8(A); Earle v. Earle, 43,925 (La.App. 2d Cir.12/3/08) 998 So.2d 828, writ denied, 09-0117 (La.2/13/09), 999 So.2d 1151. The parent without legal custody or the nondomiciliary party owes the custodial or domiciliary party for his or her share of the total child support obligation "minus any court-ordered direct payments made on behalf of the child for work-related net child care costs, health insurance premiums, extraordinary medical expenses, or extraordinary expenses provided as adjustments to the schedule." See La. R.S. 9:315.8(D); Earle v. Earle, supra. Accordingly, the non-domiciliary party is entitled to a credit offsetting the amount of child support owed by the cost of health insurance premiums incurred on behalf of the minor children. Norred v. Norred, 591 So.2d 396 (La.App. 2d Cir. 1992), writ denied, 592 So.2d 1319 (La. 1992). Accordingly, we find that the trial court erred in failing to award Ms. Durfee this credit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings to be conducted in accordance with this opinion. Costs of this appeal are assessed to Scott Richard Durfee.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING
Before STEWART, CARAWAY, PEATROSS, DREW & LOLLEY, JJ.
Rehearing denied.
CARAWAY, J., would grant rehearing.
NOTES
[1] Mr. Durfee's children with Ms. Durfee were ages five and seven at the time of trial and his current wife's children were ages 9 and 13 at the time of trial.