PEATROSS, J.
12Defendant, Matthew J. James, Jr., appeals from a trial court judgment finding *448 him to be voluntarily underemployed. The trial judge determined that Defendant, who was employed as a school bus driver, could generate additional income as a barber due to his training and abilities in that field of employment. As a result of this finding, the trial judge imputed additional income to Defendant and ordered an increase of child support owed for the support of two of his five minor children. For the reasons stated herein, we affirm.

FACTS

Defendant is the father of five minor children by four different mothers. Defendant is under a child support order for two of his children and |sis not under a child support order for his other three children. Defendant’s current established monthly income is $1,750 per month, which he earns as a school bus driver for the Ouachita Parish School Board. Defendant has also been employed as a barber “on and off’ for the past nine years.
Defendant’s child support proceedings for his daughter, Ayala Wade, began in March 1998. The most recent support order in that matter was granted by the hearing officer in October 2007, wherein Defendant was ordered to pay $200 plus a 5% administration fee based on the mother’s monthly minimum wage earnings and Defendant’s monthly earnings of $1,331 as a school bus driver.
Defendant’s child support proceedings for his son, Matthew Jamal James, began in November 1999. The last support order in that matter was granted by the hearing officer on March 7, 2008, wherein Defendant was ordered to pay $150 per month plus a 5% administration fee based on his monthly income of $1,391 as a school bus driver, taking into account the mother’s last known earnings of $1,270 per month.
Both child support matters were consolidated before a hearing officer in November 2009, wherein Defendant’s support obligation for Ayala Wade was increased from $200 to $415 and the support obligation for Matthew Jamal James was increased from $150 to $350. The increase was based on ^Defendant’s earnings as a school bus driver of $1,755 per month, in addition to his earnings and/or earning potential as a part-time barber.
Defendant filed for rehearing and the matter was heard in the trial court in March 2010. As previously stated, the trial judge found Defendant to be voluntarily underemployed and imputed an additional income of $600 per month, representing Defendant’s earning potential as a part-time barber.[1] The trial judge based his findings on Defendant’s testimony that he completed barber school in the year 2000 and received a barber’s license. Defendant testified that he had let his bai’ber license expire several times, but had later renewed it several times. Defendant also testified that he had been employed as a barber even during times when his license was not activated. Defendant further testified that his two shifts driving the school bus lasted every day from 6:20 a.m. through 8:00 a.m. and from 2:00 p.m. through 4:30 p.m., which left him time between and after his shifts to do other work.
Defendant now appeals this ruling, citing as his sole assignment of error that the trial judge wrongfully concluded that Defendant was voluntarily underemployed as defined by La. R.S. 9:315.11.

*449
DISCUSSION

Defendant contends that he has never hidden his income as a barber and, further, that he is not “cut out to be a barber.” According to Defendant, Lwhen he has attempted to work as a barber in the past, he could not build a clientele and did not make enough money to pay his child support obligations. Defendant further contends that his job as a school bus driver requires him to be working during the hours that are “primetime for cutting hair on the weekdays.”
Citing La. R.S. 9:315.11, the State argues that Defendant’s child support obligation should be based on his “earning potential.” La. R.S. 9:315.11 states that, if a parent is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated or is caring for a child of the parties under the age of five years. In determining the party’s income earning potential, the court may consider the most recently published Louisiana Occupational Employment Wage Survey. La. R.S. 9:315.11. Income includes potential income, if a party is voluntarily unemployed or underemployed. La. R.S. 9:315 C(5)(b). A party is not deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed or if the unemployment or underemployment results through no fault or neglect of the party. La. R.S. 9:315 C(5)(b).
| ^Voluntary underemployment is a question of good faith of the obligor parent. Fuqua v. Fuqua, 45,555 (La.App.2d Cir.9/22/10), 47 So.3d 1121; Durfee v. Durfee, 44,281 (La.App.2d Cir.5/13/09), 12 So.3d 984; Strange v. Strange, 42,318 (La.App.2d Cir.6/20/07), 960 So.2d 1223. Whether the obligor is in good faith in reducing his or her income is a factual determination which will not be disturbed on appeal absent an abuse of the trial court’s wide discretion. Fuqua, supra; Durfee, supra; Strange, supra. The trial court also has wide discretion in resolving factual issues. Id.
The State contends that Defendant is voluntarily underemployed because, in addition to working as a school bus driver, he has the training and ability to work as a part-time barber and receive more income. The State further argues that Defendant has several free hours a day, weekends, holidays and summer months during which he could earn additional income working as a barber because he is not driving a school bus during those times. We agree.
Defendant has been formally trained through barber school, has years of past experience as a barber and can easily renew his license to work as a barber, as he has done several times in the past. While it may be true that Defendant does not derive a sufficient income to support his minor children ^working solely as a barber, he can use the additional income he earns as a barber to supplement the salary he earns working as a school bus driver. Furthermore, we agree with the State that Defendant’s schedule working as a school bus driver leaves him plenty of hours during the days, weekends, holidays and summers to pursue other means of earning additional income. Additionally, as the State points out,’the trial judge only imputed $600 in additional income per month to Defendant, which is less than half of a barber’s annual salary as stated in the Occupational Wages Handbook.
Accordingly, we find no error in the trial judge’s ruling that Defendant is voluntarily underemployed and, further, that an imputation of $600 of additional income is warranted, thereby increasing his child support obligation for Ayala Wade from $200 *450 to $415 and for Matthew Jamal James from $150 to $350.

CONCLUSION

For the reasons stated above, we affirm the ruling of the trial court concluding that Matthew J. James, Jr. is voluntarily underemployed as defined by La. R.S. 9:315.11. Costs of this appeal are assessed to Matthew J. James, Jr.
AFFIRMED.

. According to the Occupational Wages Handbook, the average annual salary for a barber is $17,363.