STEPHENS, J.
Kara Lynn Salter McGatlin Milton[1] ("Kara") appeals a judgment by the 26th Judicial District Court, Parish of Bossier, State of Louisiana that set the child support obligation for Michael Paul Salter ("Michael"). Kara's three assignments of error all concern the trial court's determination of Michael's gross income. For the following reasons, we affirm.
FACTS
Kara and Michael have two daughters together and have been involved in abundant litigation regarding child custody, visitation, and support since their divorce in 2010. On March 7, 2014, Kara filed a petition for modification of child support. Prior to trial, the trial court appointed as an expert certified public accountant Susan Whitelaw ("Whitelaw") for the purpose of analyzing any and all documents or other information she deemed appropriate and necessary to give an opinion to the trial court as to the income of both parties and any benefit, if any, that either party receives from expense sharing as provided in *752 La. R.S. 9:315(C)(5)(c) for the period January 1, 2014 to date of her opinion. Whitelaw submitted her findings in writing and also testified at the trial.
In her initial report, Whitelaw recommended that Michael's 2014 income was $169,183.11 and his 2015 income was $209,113.60 but declared she was unable to give a definitive opinion regarding Michael's 2016 income; she did not believe that Michael had provided her with complete information, and it was her observation that Michael had used various strategies to obfuscate his income. At Michael's request, Whitelaw analyzed the information she had been provided and issued a subsequent report indicating his 2016 income was at least $92,251.00. Whitelaw determined Kara's income for the years 2014, 2015, and 2016 to be $2,653.39, $2,979.37 and $2,979.37, respectively. Kara was not employed during these years, but income was assigned to her based on expense sharing.
Trial commenced on December 16, 2016. Whitelaw testified in accordance with her previously submitted reports and was the only witness. Following trial, the trial court issued a written opinion determining the gross income for the parties. With regard to Michael's 2014 income, the trial court subtracted $12,500.00 from Whitelaw's findings and set income at $156,683.11. The subtracted amount reflected the sum of attorney fees that was paid on Michael's behalf by his employer, Century 21, which is owned by his father, and later deducted from commissions earned by Michael. The trial court explained the deduction was made because Whitelaw's determination made no accounting for expense sharing on Kara's behalf for her attorney fees. With regard to Michael's 2015 income, the trial court subtracted $5,580.00 paid in attorney fees on behalf of Michael for the same reasons stated above. The trial court also subtracted an additional $24,412.95 from Whitelaw's 2015 recommended income for Michael, finding that there was uncontradicted evidence that this sum was loans or gifts and not income. With regard to Michael's 2016 income, the trial court acknowledged Whitelaw's belief that Michael had not submitted complete income information for that year. However, because no evidence was admitted verifying additional sums, the trial court set Michael's income for 2016 at $92,251.00, in accordance with Whitelaw's findings.
Upon issuing the opinion, the trial court ordered the parties to prepare worksheets consistent with his income determinations for the purpose of calculating the child support obligations. Judgment setting the obligation was rendered, and that judgment is the subject of this appeal.[2]
DISCUSSION
The trial court is given great discretion in either granting or modifying child support awards and its decision will not be set aside or amended on appeal absent a clear abuse of that discretion. Armstrong v. Rayford , 39,653 (La. App. 2 Cir. 5/11/05), 902 So.2d 1214, 1219. Furthermore, the trial court has wide discretion in determining the credibility of witnesses; its conclusions of fact regarding financial matters underlying an award of child support will not be disturbed in the absence of manifest error. Curtis v. Curtis , 34,317 (La. App. 2 Cir. 11/1/00), 773 So.2d 185, 192.
Kara's first assignment of error is that the trial court erred in deducting from Michael's gross income the sum of attorney fees paid on his behalf. Whitelaw's report was devoid of any reference to attorney fees incurred by, paid by, or on *753 behalf of Kara. Whitelaw testified that she was provided no information from Kara regarding those fees and that her report only included reference to Michael's fees because they were paid on his behalf by his employer and subsequently deducted from his earned commission. Whitelaw included the sum of Michael's attorney fees in her calculation of Michael's income. The trial court chose not to and explained in written reasons that its decision was due to Kara's failure to provide attorney fees information. This court recognizes that the trial court could have simply categorized these sums as commission and included them in the calculation of Michael's gross income. However, it is within the trial court's discretion to decide what amount is appropriate for inclusion in gross income, and the trial court's credibility determinations regarding a party's sources of income are entitled to great weight. Brossett v. Brossett , 49,883 (La. App. 2 Cir. 6/24/15), 195 So.3d 471, 475. In its pursuit of equity, the trial court did not abuse its discretion by deducting Michael's attorney fees from his gross income when no sums for attorney fees were assigned to Kara as income. Kara's first assignment of error is without merit.
Kara's second assignment of error is that the trial court erred in determining that the unknown funds Whitelaw attributed to Michael's income, $24,412.95, were loans or gifts and not income. Whitelaw reviewed a multitude of documents in order to give an opinion as to Michael's income, including, but not limited to tax returns, bank statements, and earning reports and expense statements associated with his employment as a real estate agent with Century 21.[3] For the year 2015, Whitelaw categorized a total of $24,412.99 as "unknown source deposits."[4] In previous reports, Whitelaw had assigned a total of $61,542.69 to this category, but Michael subsequently identified and explained all of those funds except the $24,412.99, which remained "unknown" at the time of trial. Sometime after Whitelaw had already reduced the amount to $24,412.99, she received a signed affidavit from Michael's father attesting that he had loaned Michael in excess of $59,000.00.[5] The trial court held that this affidavit was the sole evidence provided to it in an attempt to identify the source of the $24,412.99. Accordingly, the trial court did not abuse its discretion by determining the source of the $24,412.99 was a loan and thus deducting it from Michael's gross income. Kara's second assignment of error is without merit.
Kara's third assignment of error is that the trial court erred in setting Michael's average monthly gross income for 2016 at $7,687.61. The trial court noted that while Whitelaw indicated she did not believe she had been provided all of Michael's income information for 2016, no other evidence was admitted verifying additional sums. In fact, Whitelaw testified at trial that the sales reflected under Michael's name on the Century 21 reports are less than what they were in 2014 and 2015. Furthermore, at no point during the proceedings had Kara alleged that Michael *754 was intentionally underemployed, so there was no duty on the court to determine Michael's earning potential or impute additional income to him. The trial court appropriately based its decision on all of the information that it had at the time of ruling and did not abuse its discretion by setting Michael's average monthly gross income for 2016 at $7,687.61. Kara's third assignment of error is without merit. It is clear from the record that the trial court not only reviewed all of the information provided by Whitelaw, but also took the opportunity to question Whitelaw during the trial regarding her findings and had sufficient understanding of the facts and circumstances presented.
CONCLUSION
Accordingly, for the foregoing reasons, the trial court's judgment is affirmed and costs are accessed to Kara Lynn Salter McGatlin Milton.
AFFIRMED.

Also known as Kara Lynn Salter McGatlin

While the judgment does not restate the court-determined income, it states that the child support obligations are ordered pursuant to the trial court's written opinion.

Whitelaw also examined documents from Realty Executive by whom Michael was employed for part of 2014.

This information is contained in a spreadsheet prepared, by Whitelaw entitled Salter v. Salter, Michael Salter Summary Income Analysis 2014 and 2015 that was attached to her December 2, 2016 letter to the trial court and both parties.

Kara argues on appeal that the affidavit was not introduced into evidence and should be excluded as hearsay, but the record indicates the affidavit was attached to Whitelaw's December 2, 2017, letter and report, which was offered in globo at trial by Kara as Exhibit P-4.