539 So.2d 979 (1989)
Sherry R. RIGAUD
v.
Gustave J. DERUISE.
No. 88-CA-1068.
Court of Appeal of Louisiana, Fourth Circuit.
February 28, 1989.
Theon A. Wilson, New Orleans, for plaintiff-appellant Sherry Rigaud.
George A. Blair, III, New Orleans, for defendant-appellee Gustave J. Deruise.
Before SCHOTT, C.J., and KLEES and WILLIAMS, JJ.
*980 KLEES, Judge.
This matter involves a paternity suit in which plaintiff, Ms. Sherry Rigaud, seeks to establish that defendant, Mr. Gustave Deruise, is the father of her daughter, Angela Lakisha Deruise Roby. After determining that the results from court ordered blood tests performed on the parties were inadmissible, the trial judge dismissed plaintiff's suit against Mr. Deruise. Plaintiff appeals.
Ms. Rigaud and Mr. Deruise met one night in November, 1978 when she drove her car into a ditch on Old Gentilly Road in New Orleans. At the time, Mr. Deruise was a police officer with the New Orleans Police Department and was on duty in the area. He and his partner stopped to give Ms. Rigaud assistance. Shortly thereafter, Ms. Rigaud and Mr. Deruise established a sexual relationship that lasted for several years. On April 20, 1983, Ms. Rigaud gave birth to Angela. The time at which the relationship ceased is in dispute. Plaintiff contends the relationship did not end until August, 1982 and that Angela was conceived during a sexual encounter with the defendant on July 23, 1982. Mr. Deruise asserts that he is not the father of the child because his sexual relationship with Ms. Rigaud ended in August, 1981.
Plaintiff filed a petition for proof of paternity and child support on April 9, 1986. The trial court ordered Ms. Rigaud, Mr. Deruise and Angela to have blood tests taken at Roche Biomedical Laboratory in New Orleans in accordance with LSA-R.S. 9:396 et seq., the Uniform Act on Blood Tests to Determine Paternity. Ms. Rigaud and Angela had their blood drawn after Ms. Rigaud completed client authorization forms for both of them. Their blood samples were properly marked and packaged. The section labeled "Chain of Custody" provided the signature of the persons packaging and receiving the specimens and the date and time they were received. Problems which led to this appeal involved the blood samples taken from the defendant. Mr. Deruise filled out and signed his client authorization form. In the space designated for the racial classification, Mr. Deruise's race was mistakenly marked white. The second error involved the chain of custody section. The signature of the person packaging Mr. Deruise's blood specimen was absent on the form. The blood samples from all three individuals were sent to the Roche Biomedical Laboratories in Burlington, North Carolina for tests to be performed. When plaintiff became aware of the discrepancies with Mr. Deruise's blood samples, she requested that the trial court order additional blood testing. Without giving reasons, the trial court denied Ms. Rigaud's request. The matter went to trial on October 15, 1987. After taking it under advisement, the trial judge found that Ms. Rigaud failed to prove a chain of custody for the blood specimens taken from Mr. Deruise and therefore, the results from the test performed were ruled inadmissible. The trial judge then rendered judgment in favor of Mr. Deruise and dismissed plaintiff's suit.
LSA-R.S. 9:397.2 provides:
The chain of custody of blood samples taken under this Part may be established by affidavit if verified documentation of the chain of custody is submitted with the expert's report and if such documentation was made at or near the time of the chain of custody and was made in the course of regularly conducted business activity.
In this case, Mr. Deruise's client authorization form indicates that his blood was drawn at the Roche Biomedical Laboratory. A section on the form contains a checklist completed by the technician who received the specimens attesting to the facts that the box was taped, the tape was intact and initialed, and there were no signs of tampering or evidence that the package had been opened. Nevertheless, on the form the signature of the person packaging the specimen is absent. For this reason, we conclude the trial court was correct in finding that chain of custody of Mr. Deruise's blood samples was not established as required by LSA-R.S. 9:397.2. We do, however, find the trial judge erred in dismissing plaintiff's suit.
LSA-R.S. 9:397.3(B) states:

*981 If the court finds there has been a procedural error in the administration of the tests, the court shall order an additional test made by the same laboratory or expert. If there is no timely challenge to the testing procedure or if the court finds that there has been no procedural error in the testing procedure, the certified report shall be admitted in evidence at trial as prima facie proof of its contents, provided that the party against whom the report is sought to be used may summon and examine those making the original of the report as witnesses under cross-examination.
It is apparent from the record that the erroneous designation of Mr. Deruise as caucasian on his client authorization form significantly affected the calculations arrived at from the blood testing procedures. In this particular case, Mr. Lee S. Tuckwiller, Ph.D, Associate Director of the Department of Paternity Evaluation at Roche Biomedical Laboratories in Burlington, sent a letter to the trial judge explaining the effect the incorrect racial designation had on the calculations. Furthermore, he suggested to the trial judge that additional testing was in the best interest of both parties. He stated extended testing would afford the alleged father additional opportunity to be excluded from paternity or, failing that, would provide further genetic evidence for the calculation of a more probative probability of paternity. For this reason, we conclude the trial judge should have ordered additional blood tests to be taken by Mr. Deruise and erred when she denied plaintiff's motion for additional testing.
Accordingly, we reverse the trial court's judgment dismissing Ms. Sherry Rigaud's paternity suit against Mr. Gustave Deruise. Further, we remand the case back to the trial court to order additional blood tests to be taken by Mr. Deruise in accordance with LSA-R.S. 9:397 et seq. and for new trial.
REVERSED AND REMANDED.