JOY COSSICH LOBRANO, Judge.
| T This case arises from a dispute for past due child support. Plaintiff, Sherry R. Rigaud, appeals the part of the trial court’s August 15, 2012 judgment that sustained an exception of no cause of action asserted by defendant, Gustave J. De-Ruise, dismissing her “Motion to Amend Consent Judgment or in the Alternative Motion to Set Aside Consent Judgment and Reinstate Original Judgment.” For the reasons that follow, we affirm and remand.
Plaintiff filed a petition for proof of paternity and child support in 1986, alleging defendant was the father of her child born on April 20,1983. After a lengthy litigious battle, including two appeals, this court rendered a judgment, holding that defendant is the father of the child, and remanded the case to the trial court for a determination of child support.[1] On May 25, 1993, the trial court rendered a judgment,[2] awarding plaintiff a total of $43,574.04, plus interest until paid, for past due child support for the years 1986 through 1993, and $5,000.00,12plus interest until paid, for attorney fees. The court also issued an income and wage assignment order against defendant.
In February 2000, defendant filed a rule to decrease child support. On May 10, 2002, the parties executed a consent judgment with the trial court’s approval. The consent judgment provided that: the judgment of child support arrears in the amount of $43,574.04 rendered on May 25, 1993 and signed on May 27, 1993 was set aside and vacated; defendant was found to be $40,000.00 in arrears of his child support obligation; defendant would pay plaintiff $40,000.00, in one lump sum payment of $10,000.00 plus $200.00 per month *919 for 150 months to satisfy the remaining $30,000.00 balance; the monthly child support obligation would terminate on June 1, 2002, as a result of the child at issue reaching the age of majority and graduating from high school; and plaintiff agreed to remove any liens against defendant’s property located at 7513 Founders Court in New Orleans, as it was the intent of the parties to extinguish the liens for the purpose of transferring title to the property.
On April 27, 2012, plaintiff filed her Motion to Amend Consent Judgment or in the Alternative Motion to Set Aside Consent Judgment and Reinstate Original Judgment pursuant to La. C.C.P. art. 1951.[3] Plaintiff claims that in executing the | sMay 10, 2002 consent judgment, she agreed to set aside and vacate the child support ar-rearages of $43,574.04 for the purpose of allowing defendant to avoid the foreclosure of his home and to maintain his credit, and, in haste to complete the written judgment due to a pending sale of the property, the attorney inadvertently omitted from the consent judgment the judicial interest and the attorney fees that had been awarded in the May 25, 1993 judgment. Also, on May 9, 2012, plaintiff filed a Motion to Revive the May 10, 2002 consent judgment so that it would not prescribe. As of the date of filing, defendant still owed plaintiff $5,000.00 pursuant to the payment schedule established in the consent judgment.
Defendant did not object to plaintiffs Motion to Revive the Judgment. However, he raised a peremptory exception of no cause of action, arguing that the Motion to Amend the Consent Judgment or in the Alternative Motion to Set Aside Consent Judgment and Reinstate Original Judgment failed to state a cause of action that legally would permit an amendment to or setting aside of the consent judgment.
At the conclusion of a hearing on July 31, 2012, the trial court rendered the judgment, granting plaintiffs Motion to Revive the May 10, 2002 judgment and maintaining defendant’s Exception of No Cause of Action. The trial court signed the judgment to this effect on August 15, 2012. The trial court issued written reasons for judgment, explaining that plaintiffs motion failed to state any legal mechanism which would allow the court to grant her the relief requested. Citing La. C.C.P. art. 1951, the trial court noted that plaintiff alleged an omission in the |4substance of the judgment rather than an error of calculation. The trial court also pointed out that plaintiff filed her motion nearly ten years after signing the consent judgment and that the original attorneys and trial judge were no longer involved in the case. Last, the trial court found that plaintiffs motion requested additional relief that was not granted originally and was beyond the scope of an error of calculation permitted under La. C.C.P. art. 1951.
On appeal, plaintiff argues that the trial court erred in determining that the consent judgment could not be modified or set aside. Specifically, she contends that because the consent judgment is an award for past due child support, she is entitled to legal interest and attorney fees as a matter of law, citing La. C.C. art. 2000.[4] *920 Plaintiff also claims that in executing the consent judgment, the parties intended only that the earlier judgment of child support arrears in the amount of $43,574.04 be vacated, not the awards for legal interests and attorney fees.
An appellate court subjects the grant of an exception of no cause of action to de novo review because the exception raises an issue of law and the trial court’s decision is based solely on the sufficiency of the petition. Fink v. Bryant, 2001-0987, pp. 3-4 (La.11/28/01), 801 So.2d 346, 348-49. “The peremptory exception |Bof no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading.” Industrial Companies, Inc. v. Durbin, 2002-0665, p. 6 (La.1/28/03), 837 So.2d 1207, 1213. “The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true.” Id; Badeaux v. Southwest Computer Bureau, Inc., 2005-0612, 2005-0719, p. 7 (La.3/17/06), 929 So.2d 1211, 1217.
A consent (stipulated) judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss. Stogner v. Stogner, 1998-3044, p. 9 (La.7/7/99), 739 So.2d 762, 768. See also Kessel v. Kessel, 624 So.2d 14 (La.App. 4th Cir.1993); La. C.C. art. 3071. “It has binding force from the voluntary acquiescence of the parties.” Gebhard v. Gebhard, 2010-1412, p. 6 (La.App. 4 Cir. 2/16/11), 60 So.3d 717, 721 (citation omitted). “A contract is unlawful when enforcement of the obligation would produce a result prohibited by law or against public policy.” Id. A consent judgment, as opposed to other final judgments rendered against a party without their consent, may be annulled or rescinded for an error of fact or error as to the principle cause of the agreement. See La. C.C. arts. 1948, 1949 and 1950. Also, regardless of language in a consent judgment to the contrary, child support judgments are always reviewable where a material change of circumstances has been shown. See La. R.S. 9:311(A).
| fiBased on our review of plaintiffs Motion to Amend the Consent Judgment or in the Alternative Motion to Set Aside Consent Judgment and Reinstate Original Judgment and accepting all allegations therein as true, we find that plaintiff has failed to allege any facts that support an amendment, modification, or nullification of the consent judgment. Plaintiff alleges only that the May 25, 1993 judgment was set aside to allow defendant to escape foreclosure of his home and to maintain his credit and, in counsel’s haste to complete the matter due to a pending sale of the property, he inadvertently omitted from the consent judgment the judicial interest and attorney fees previously awarded in the original judgment. Absent an allegation in the pleading of a material change in circumstances of one or both of the parties, an error of fact sufficient to vitiate plaintiffs consent, such as fraud or duress, or an error as to the principle cause of the agreement, we agree with the trial court’s conclusion that plaintiffs motion fails to *921 state a cause of action under the law that would permit an amendment, modification, or setting aside of the May 10, 2002 consent judgment. Thus, we find the trial court properly sustained defendant’s exception of no cause of action.
“Nonetheless, when a petition fails to state a cause of action, but may be amended to cure the defect, the court shall grant the plaintiff leave to amend. La. C.C.P. art. 934.” Ordoyne v. Ordoyne, 2007-0235, p. 5 (La.App. 4 Cir. 4/2/08), 982 So.2d 899, 902. The record does not indicate plaintiff was given the opportunity to amend her petition. Therefore, the case will be remanded for that purpose.
^^Accordingly, we affirm the trial court’s August 15, 2012 judgment and remand the case to the trial court to allow plaintiff to amend her motion within a delay allowed by the court.
AFFIRMED AND REMANDED.

. See Rigaud v. Deruise, 613 So.2d 761 (La.App. 4th Cir.1993).

. The trial judge signed the judgment on May 27, 1993.

. On the date plaintiff filed her motion, La. C.C.P. art. 1951 provided:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.

. La. C.C. art. 2000 provides:
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of *920 agreement, at the rate of legal interest as fixed by La. R.S. 9:3500. The obligee may recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more. If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well.