Thomas J. TOUPS

v.

Vickie Z. KAUFFMAN (Toups)

NO. 2016–CA–0248

Court of Appeal of Louisiana, Fourth Circuit.

NOVEMBER 23, 2016

Robert T. Garrity, Jr., THE LAW OF-FICE OF ROBERT T. GARRITY, JR., 615 Hickory Ave., Harahan, LA 70123, COUNSEL FOR PLAINTIFF/APPEL-LANT

Robert S. Buhrer, BUHRER LAW FIRM, 3017 21st Street, Suite 110, Metair-ie, LA 70002–4968, COUNSEL FOR DE-FENDANT/APPELLEE

(Court composed of Judge Paul A. Bonin, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)

## JUDGE SANDRA CABRINA JENKINS

This appeal involves a modification of child support obligations. Thomas J. Toups, the appellant, appeals the judgment of the district court that ordered each party to pay fifty percent of all tuition, registration, fees, books and mandatory fees for their two minor children. Finding that there was no manifest error by the district court in ordering Mr. Toups and Mrs. Kaufman to each pay fifty percent on their children's school tuition and fees, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Thomas J. Toups and the appellee, Vick-ie Kaufman[1], were married on October 10, 1998. There were two children born of the marriage: C.T. and Z.T. On November 2, 2006, while Mr. Toups and Mrs. Kaufman were both living in St. Tammany Parish, they entered into a consent judgment re-garding custody, visitation, and support of C.T. and Z.T. Pursuant to the consent judgment, the parties agreed that they would both have joint custody of their minor children and be designated as co-domiciliary parents. The consent judgment further provided that the children would primarily reside with Mrs. Kaufman, and Mr. Toups would have physical custody on alternating weekends and at least two nights during the week. In addition, Mr. Toups agreed to pay child support in the amount of $1,400 each month. On April 16, 2007, Mr. Toups and Mrs. Kaufman were granted a judgment of divorce.

At some time in 2011, Mrs. Kaufman became engaged and planned to move to her finance's residence in Orleans Parish. On November 30, 2011, Mrs. Kaufman filed a rule to change visitation, designa-tion as co-domiciliary parents, and for de-termination of school the children should attend for the 2012–2013 school year, seek-ing to modify the 2006 consent judgment. In pertinent part the rule stated:

> [Mrs. Kaufman] and defendant-in-rule, Thomas J. Toups, have been recently unable to productively discuss issues re-

---

1. Appellee will be referred to by her marriage name, though the Court notes that her name from her previous marriage was Vickie Z. Toups.

garding the minor children and that the designation of both of them as co-domiciliary parents is no longer in the best interest of the minor children.

In response, on January 17, 2012, Mr. Toups filed a motion to modify custody and for entry of a revised implementation plan. A mandatory family court hearing officer conference was conducted on February 7, 2012; and the parties entered into a new consent judgment, dated February 15, 2012. The 2012 consent judgment stipulated that both parties' motion to modify custody is denied, the children shall be enrolled in school in Orleans Parish, and Mr. Toups should have custody on alternate weekends and two nights per week from after school until 8:00 p.m. The 2012 consent judgment also included an "Other Provision", which reads:

> Vicki [Kaufman] shall be solely responsible for any and all costs associated with either [child]or both child[ren] attending private school.

> Any future move by either parent outside the east bank of Orleans, east bank of Jefferson, or St. Tammany Parish, shall constitute a material change in circumstances.

Mrs. Kaufman and the children relocated to Orleans Parish, and both children began attending private school in Orleans Parish. At some time in 2015, C.T. began attending a private high school. On November 5, 2014, Mr. Toups filed a motion to transfer this matter from the 22nd Judicial District Court to the Civil District Court for the Parish of Orleans. The transfer was granted on November 10, 2014.

On January 9, 2015, Mr. Toups filed a motion to amend visitation and support alleging a material change in circumstances based upon his relocation to Jefferson Parish and his belief that equal share of custody is feasible. On April 6, 2015, Mrs. Kaufman filed a rule to increase child support alleging a change in circumstances related to her termination of employment and an increase of the children's school tuition from approximately $10,000 per year to $16,000 per year.

The parties appeared before the trial court on their respective motions on September 16 and October 6, 2015.[2] With regard to the increase of support, Mrs. Kaufman's counsel argued that she had borne the costs for the children's tuition for three-and-a-half years. Mrs. Kaufman requested that Mr. Toups contribute at least fifty percent to the children's school tuition, instead of fifty-nine percent.[3] Alternatively, Mr. Toups's counsel argued that the 2012 consent judgment provided that Mrs. Kaufman would pay for the children's private school education because she voluntarily moved to Orleans Parish. Counsel also stated that Mrs. Kaufman should continue to be responsible for the children's tuition if they are to remain in private school.

The trial court stated that based on the 2012 consent judgment, if there were changes in circumstances, then the court would be able to review the judgment again. Mr. Toups acknowledged that since the 2012 consent judgment there have been changes in circumstances. The trial court ordered that Mr. Troups and Ms. Kauffman each be responsible for fifty percent of all tuition, registration fees, books, and mandatory fees for the minor children,

2. The parties appeared before the trial court on September 16, 2015 and the judge took C.T.'s testimony. The hearing was rescheduled for October 6, 2015.

3. Based upon the child support guidelines, Mr. Toups would be required to pay fifty-nine percent for his child support obligation.

C.T. and Z.T. to attend private school.[4]

The parties also entered into another consent judgment on some matters.[5] The 2015 consent judgment appointed Terri Camesta as the parenting coordinator to address and make recommendations regarding any and all matters pertaining to the children. Mr. Toups would have to pay child support in the amount of $1,228 per month.[6] It further provided that the parties shall maintain the status quo in terms of physical custody of the children. The parties agreed that Mr. Toups would have physical custody of the children on alternating Fridays from after school until the following Sunday at 5:00 p.m., and every Tuesday from after school until the following Wednesday morning.

On March 14, 2016, Mr. Toups timely filed the instant appeal of the trial court's November 13, 2015 judgment.

STANDARD OF REVIEW

■■■ A party seeking modification of a consent judgment has the burden of proving that there has been a change in circumstances from the time of the award and the time of the motion for modification of the award. *Hansel v. Hansel*, 2000–1914, p. 4 (La.App. 4 Cir. 11/21/01), 802 So.2d 875, 879 (citing *Riggs v. LaJaunie*, 98–304 (La.App. 3 Cir. 10/7/98), 720 So.2d 114). An award of child support is entitled to great weight and upon appellate review, that determination will not be disturbed unless there is an abuse of the trial court's discretion or a manifest error. *Fontana v. Fontana*, 2013–0916, p.17 (La.App. 4 Cir. 2/12/14), 136 So.3d 173, 184. Louisiana Revised Statutes 9:315 to 9:315.20 are the statutory guidelines for determining child support. Deviations by the trial court from the statutory guidelines "shall not be disturbed absent a finding of manifest error." La. R.S. 9:315.17.

■■■ When the trial court's reasons for judgment do not articulate the evidentiary facts upon which the conclusion is based, the appellate court is unable to give the finding the usual deference attributed to decisions of triers of fact. *McReynolds v. State, Dep't. of Transp. and Development*, 99–2905, p.4 (La.App. 4 Cir. 6/14/00), 765 So.2d 447, 450. Appellate courts shall apply the manifest error standard of review unless one or more of the trial court's legal errors interdict the fact-finding process. *Dejoie v. Guidry*, 2010–1542, p.14 (La.App. 4 Cir. 7/13/11), 71 So.3d 1111, 1120. "A legal error occurs when the trial court applies incorrect principles of law and such errors are prejudicial." *Evans v. Lungrin*, 97–0541, 97–0577, p.6 (La. 2/6/98), 708 So.2d 731. However, every error is not prejudicial. "Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights." *Id.* When such a prejudicial error skews the trial court's finding of a material issue of fact, the appellate court is required, when presented with the whole record, to render judgment on the merits and determining the essential material facts de novo. *Id.* If the trial court's findings are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse, even if convinced that

---

**4.** The judgment was signed on November 13, 2015. It further provided that the parties should submit to parenting coordinator, Terri Campesta, any additional school-related expenses, that either party believes should be included in the child support award.

**5.** The consent judgment was signed on October 28, 2015.

**6.** The consent judgment also specified that Mr. Toups would be responsible for fifty-nine percent and Mrs. Kaufman would be responsible for forty-one percent of Z.T.'s orthodontic expenses and the children's recreational activities.

had it been sitting as the trier of fact, it would have weighed the evidence differently. *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989).

## DISCUSSION

There are two issues raised within Mr. Toups's appeal: (1) whether the trial court erred in finding that a material change in circumstances existed when Mr. Toups relocated from St. Tammany Parish to Jefferson Parish; and (2) whether the trial court erred in ordering that Mr. Toups shall be responsible for fifty percent (50%) of all tuition, registration fees, books and mandatory fees for the minor children, C.T. and Z.T., to attend private school.

▇▇▇ Louisiana Civil Code article 142 provides that "an award of child support may be modified if the circumstances of the child or of either parent materially changed and shall be terminated upon proof that it has become unnecessary." "An award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award." La. R.S. 9:311(A)(1). The burden of proving change in circumstances does not require evidence of substantial change. *Glorioso v. Glorioso*, 99–3222, p. 4 (La.App. 4 Cir. 11/15/00), 776 So.2d 536, 538–39 (citing *Stogner v. Stogner*, 98–3044, p. 12 (La. 7/7/99), 739 So.2d 762, 769). Change of circumstances is determined on a case-by-case basis, which falls within the great discretion of the trial court. *Id.* Intrastate relocation by a domiciliary parent is not *per se* a material change of circumstances such that a court may presume that it will materially affect the child's welfare without further evidence. *Gray v. Gray*, 2011–548, p. 10 (La. 7/1/11), 65 So.3d 1247, 1254.

▇▇▇ Here, child support obligations were set via the 2012 consent judgment. A consent judgment is a bilateral contract voluntarily entered into by the parties and accepted by the court. *Gebhard v. Gebhard*, 2010–1412, p. 6 (La.App. 4 Cir. 02/16/11), 60 So.3d 717, 721. It is binding from the voluntary acquiescence of the parties. *Id.* A contract is unlawful when the enforcement of the obligation is prohibited by law or against public policy. *Id.* Child support agreements are reviewable and subject to modification upon a showing of a material change in circumstances regardless of language to the contrary. *Gebhard*, 2010–1412, pp. 7–8, 60 So.3d at 722. The trial court has great discretion to modify support decrees, and such decrees will not be disturbed on appeal absent a clear abuse of discretion. *Id.* at p. 5, 60 So.3d at 720.

▇▇▇ In the instant case, Mr. Toups argues that the trial court manifestly erred in finding that a material change of circumstances existed when he relocated from St. Tammany Parish to Jefferson Parish. Specifically, he contends that the trial court improperly analyzed the 2012 consent judgment provision and that such judgment, which has not been modified by a considered decree, remains in effect as the last previous award from which to analyze whether there has been a material change in circumstances. Thus, he argues that his move from St. Tammany Parish to Jefferson Parish was not a material change in circumstances based on the "Other Provision" section of the 2012 consent judgment, which provides that "any future move by either parent outside the east bank of Orleans, east bank of Jefferson, or St. Tammany Parish, shall constitute a material change in circumstances."

By seeking to modify child support, Mrs. Kaufman bore the burden of proof that there had been a material change in cir-

cumstances since the 2012 consent judgment. According to Mrs. Kaufman's rule to increase child support, she was laid off from her employment with a pharmaceutical company. Mrs. Kaufman's income declined approximately $80,000 per year. Prior to being laid off, Mrs. Kaufman agreed in the 2012 consent judgment to be solely responsible for any and all costs associated with the children attending private school.

|₈The trial court's oral reasons for judgment do not articulate the evidentiary facts upon which its conclusion was based. The trial court stated, "based upon this 2012 judgment that the parties agreed to, there was a change in circumstances, because since that time, Mr. Toups has relocated." Under the terms of the 2012 consent judgment, the trial court's finding of a change in circumstances due to Mr. Toups' relocation was erroneous, because he did not relocate outside of Orleans, Jefferson, or St. Tammany Parish. However, the trial court also noted that Mrs. Kaufman was initially responsible for one hundred percent of the children's private school tuition but that her circumstances have changed due to the termination of her employment. The record supports the trial court's finding that there was a change of circumstances, albeit not the one specified under the terms of the 2012 consent judgment. Moreover, such interpretation by the trial court does not prejudice the substantial rights of the parties.

After our thorough review of the record, we find sufficient evidence that Mrs. Kaufman met the required burden of proof to warrant modification of the 2012 consent judgment. The record establishes that there had been a material change in circumstances since the 2012 consent judgment such that modification of child support was not an abuse of discretion.

 Mr. Toups also argues that the trial court abused its discretion by failing to properly interpret and apply the "Other Provision" paragraph in the 2012 consent judgment and that action constitutes a reversible error. The trial court determined that Mr. Toups is responsible for fifty percent of his children's private school tuition and fees. Mr. Toups argues that he should not be responsible to contribute fifty percent of the private school tuition and fees for the children because the 2012 consent judgment specifies that Mrs. Kaufman is one hundred percent responsible for the children's private school education.

|₉The trial judge considered that Mrs. Kaufman bore all the school expenses for three-and-a-half years, that the children's school tuition increased from $10,000 to $16,000 per year, and that Mrs. Kaufman unsuccessfully attempted to enroll C.T. into a public school. Mrs. Kaufman requested that Mr. Toups pay fifty percent of the school tuition, instead of the fifty-nine percent that he would be required to pay by law.[7]

Mothers and fathers are obligated to support, maintain, and to educate their children. La. C.C. Art. 224. Louisiana Revised Statute section 9:315.6(1) provides that expenses of tuition, registration, books, and supply fees required for attending a special or private elementary or secondary school to meet the needs of the child may be added to the basic child support obligation.

In *Gebhard*, the consent judgment provided that the $2,000 per month child support would remain in effect and was not subject to reduction until the youngest child reached the age of majority and graduated from secondary school. 2010–1412, p. 1, 60 So.3d at 719. This Court stated that the obligation of support is

7. *See* footnote 3 above.

"firmly [e]ntrenched in our law and is a matter of public policy." *Gebhard*, 2010–1412, p. 7, 60 So.3d at 721. Thus, regardless of whether a consent judgment contains a non-modification clause, either party is entitled to seek modification of child support, upon showing a material change in circumstances. *Id.*

In the present case, the 2012 consent judgment provides that Mrs. Kaufman is solely responsible for the children's school tuition and any future move by either parent outside of the east bank of Orleans, east bank of Jefferson, or St. Tammany Parish shall constitute a material change of circumstances. While the 2012 consent judgment contains language that stipulates what shall constitute a material change in circumstances, either party is entitled to seek modification of the amount of child support regardless of any language contained in a consent judgment so long as they show a material change of circumstances. While we recognize that the trial court based its decision on the 2012 consent judgment provision, we find no abuse in discretion in it ordering Mr. Toups and Mrs. Kaufman each to pay fifty percent each of the tuition, registration fees, books, and mandatory fees for their minor children.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

AFFIRMED

BONIN, J., DISSENTS WITH REASONS.

BONIN, J., DISSENTS WITH REASONS.

I respectfully dissent.

The parties provided by their consent that either parent's relocation within designated areas of the metropolitan New Orleans area would not constitute a change of circumstances *and* that the father would not pay any portion of the children's private school tuition. The fact that a child was not admitted to a public school of choice does not equate with unavailability of public education in New Orleans. And under such circumstances the mother's subsequent loss of that high-end employment by which she bore the entire burden of the child's private school tuition cannot constitute the requisite change of circumstances. I simply cannot identify any change of circumstance which authorizes the imposition of private school tuition upon the father. I would reverse the trial judge's decision.