# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

# 25-735

TIMOTHY AUSTIN SCAIFE

VERSUS

DEANNA RUTH SCAIFE

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NUMBER 63,606
HONORABLE VERITY GENTRY, DISTRICT JUDGE

**********

## CLAYTON DAVIS
## JUDGE
**********

Court composed of Sharon Darville Wilson, Gary J. Ortego, and Clayton Davis,
Judges.

**AFFIRMED.**

**Anna Louise Garcie**
**Joseph R. Stevens**
**Sabine Parish District Attorney**
**495 Capitol St.**
**Many, LA 71449**
**(318) 256-6246**
**COUNSEL FOR OTHER APPELLEE:**
    **State of Louisiana**

**Joshua S. Guillory**
**Attorney at Law**
**203 W. Brentwood Blvd, Ste 3**
**Lafayette, LA 70506**
**(337) 233-1303**
**COUNSEL FOR PLAINTIFF APPELLANT:**
    **Timothy Austin Scaife**

**Deanna Ruth Hilliard**
**In Proper Person**
**778 Hwy 1221**
**Marthaville, LA 71450**
**(000) 000-0000**
**COUNSEL FOR DEFENDANT APPELLEE:**
    **Deanna Ruth Hilliard**

**DAVIS, Judge.**

Timothy Scaife appeals the district court's child support judgment. We affirm.

## FACTS AND PROCEDURAL HISTORY

Timothy Scaife is the father of several children and has an ongoing obligation to provide child support to their mothers, Deanna Hilliard and Amanda White. Scaife settled a lawsuit for an injury to his back while working offshore in the amount of $2,750,000. He structured $450,000 of the settlement in an annuity and received a lump sum payment of over $750,000. He now receives $2,680.27 per month from his annuity. His spending since his settlement suggests a more lavish lifestyle. He claims no other income source.

Scaife and his current wife own an inflatable rentals business, funded by his separate money. Additionally, he owns a vacant second home as his separate property, not subject to any mortgage or lien. He does not rent it or earn any income from this property.

Scaife is otherwise unemployed. He sought disability benefits but was denied. However, he claims the denial was because certain medical evidence was not submitted. He also explained that his back was broken in his workplace accident, and his doctor told him that he would never return to working offshore. However, no expert witnesses testified as to his limitations or current earning capacity. Also, testimony established that he operates a tractor, maintains his forty-acre farm, and participates in outdoor activities. Prior to his workplace accident, he had a gross average income of $102,765.65.

The district court found that Scaife was voluntarily unemployed. Because of this, it ruled that his income should not be limited to his annuity amount. For purposes of child support calculation, the court believed Scaife's gross income

should also include income from the inflatable rentals business as well as potential income from his vacant second home. Scaife appeals this decision.

## STANDARD OF REVIEW

The standard of review of factual determinations is the manifest error-clearly rental wrong standard, which "precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety." *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 14-2592, p. 8 (La. 12/8/15), 193 So.3d 1110, 1115. To reverse a trial court's finding of fact, "there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong." *Id.* at 1116.

Under La.R.S. 9:315.17, "[d]eviations by the trial court from the guidelines set forth in [the statutes governing child support] shall not be disturbed absent a finding of manifest error." In child support cases where the court must determine whether a party is voluntarily underemployed or unemployed, the trial court has wide discretion in determining the credibility of witnesses and its determinations of fact will not be disturbed on appeal absent manifest error. *Dugue v. Dugue*, 20-292 (La.App. 5 Cir. 3/24/21), 316 So.3d 170. The determination of whether a party is in good faith in reducing his or her income is a factual determination that can only be disturbed on appeal if there is an abuse of the trial court's wide discretion. *State, Dept. of Soc. Servs. Office of Family Support, ex rel. Douglas v. Williams,* 46,520 (La.App. 2 Cir. 10/05/11), 76 So.3d 103. Also, the trial court's credibility determinations of witnesses regarding the sources of income of a party are entitled to great weight. *Armstrong v. Rayford,* 39,653 (La.App. 2 Cir. 05/11/05), 902 So.2d 1214.

## ASSIGNMENTS OF ERROR

Scaife raises five assignments of error:

1. The district court admitted irrelevant evidence;

2. The district court admitted hearsay;

3. The district court erred by attributing $1,750 in monthly income in addition to Scaife's monthly annuity payments;

4. The district court violated La.R.S. 9:315.11 by attributing the above income to Scaife; and

5. The district court erred by calculating child support using the above figures.

## LAW AND ANALYSIS

### 1. Evidentiary Assignments of Error (One and Two)

Scaife claims the district court erred by permitting evidence of his expenditures and assets. Several sections of the child support statutes permit evidence about one's assets. Louisiana Revised Statutes 9:315.1(B) permits the court to consider assets when deciding whether it is in the best interest of the child to deviate from the guidelines, while La.R.S. 9:315.11 states that the court should consider the party's assets when determining whether to impute income to a party deemed voluntarily unemployed or underemployed.

Some of the expenditures in his bank statements are not relevant to the case. Still, the state argues that this evidence demonstrates that Scaife can support his minor children "above what a strict and mechanical application of the child support guidelines suggests." The state further argues, "[t]he evidence is highly relevant for the purposes of determining what is in the best interests of the minor child[ren]."

Louisiana Revised Statutes 9:315.1 creates a broad scope for relevant evidence, providing that:

> B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. . . . .

> C. In determining whether to deviate from the guidelines, the court's considerations may include:

3

. . . .

    (8) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.

Some of Scaife's expenditures are admissible as supported by the statute. But the district court found Scaife was voluntarily unemployed based on other evidence. The additional income imputed to Scaife was the inflatables rental business and the potential income from Scaife's second home.

Louisiana Code of Evidence Article 103(A) states that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected[.]" Reversal is not warranted when an erroneous ruling permitting the admission of evidence did not affect a substantial right of the party. *ETC Texas Pipeline, Ltd. v. Louisiana Energy Gateway, LLC*, 56,493 (La.App. 2 Cir. 10/1/25), 422 So.3d 832. Scaife's relevance objection is without merit.

Likewise, the hearsay objection is without merit. Scaife's counsel simply made a blanket objection to the question posed to Mrs. Scaife, "how does your family have their medical needs met?" Scaife's counsel did not object to earlier questions about medical insurance. Scaife did not even answer this question. Additionally, earlier questions asked about Mrs. Scaife's personal knowledge about her health insurance. The testimony was not hearsay. Scaife's first and second assignments of error lack merit.

## 2. __Child Support Calculation Assignments of Error (Three, Four, and Five)__

Scaife's assignments of error generally object to the imputation of $1,750. He makes no arguments regarding the calculation of $250 per month in income from the inflatable rentals business or the $1,500 in possible rental income from his vacant, second home.

The district court imputed half of the inflatable rentals business income to Scaife. He contributed his own money to fund the business and is entitled to half of its profits. The court heard testimony from Scaife's current wife on the business's income. From this, the court determined a reasonable monthly average. Scaife's assignments of error and brief failed to object to the district court's method of calculating this income. The district court went further. It expressly found that Scaife was voluntarily underemployed pursuant to La.R.S. 9:315.11(A)(1), which provides, "If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of income earning potential[.]"

Scaife hunts and engages in other outdoor activities. He operates a tractor on his forty-acre farm. His wife and son assist him with the tractor and its maintenance. When asked what his doctor has told him about his condition, he replied, "That I would never again work offshore and that I needed to look into disability." He testified he did not know of any way to make the level of income in Sabine Parish that he was making offshore.

A disability does not preclude the court from finding a party is voluntarily unemployed if the individual still has some earning capacity. *State, Dept. of Social Services v. Swords*, 08-580 (La.App. 3 Cir. 11/5/08), 996 So.2d 1267. There, the father had some degree of paralysis on one side of his body. Still, he did have an employment history working while disabled, and he participated in numerous recreational outdoor activities. This court found him voluntarily underemployed.

The record establishes that Scaife's earning capacity is less than before his injury. However, his activity level showed the ability to perform some work. Therefore, we find that the district court did not manifestly err in determining that Scaife was voluntarily unemployed.

Generally, the voluntarily unemployed payor's "wage earned prior to voluntary unemployment is the best estimate of earnings potential" unless it is demonstrated that work is unavailable or only available at a lower salary. *Saucier v. Saucier*, 98-659, p. 14 (La.App. 3 Cir. 10/7/98), 719 So.2d 702, 709. It was reasonable to find Scaife's prior work unavailable to him based on his injury.

In cases where the payor has some employment history after the advent of the disability, courts have used the Louisiana Occupational Employment Wage Survey, which is referenced in La.R.S. 9:315.11. *See Swords*, 996 So.2d 1267. Here, Scaife has been unemployed since his work accident.

The child support statutes permit the imputation of potential rental income to a voluntarily unemployed payor. Louisiana Revised Statutes 9:315, governing voluntary unemployment, specifically refers to calculating the child support obligation from one's earning potential and later refers to this as the imputation of income. Louisiana Revised Statutes 9:315(C)(5)(b) includes in its definition of income, "Potential income of a party, if the party is voluntarily unemployed or underemployed." La.R.S. 9:315(C)(3)(c) specifically includes rent in its definition of gross income. Consequently, the child support statutes allow the imputation of reasonable potential rental income to a voluntarily unemployed individual.

Scaife owns a second home which is vacant and which the district court found could be rented for additional income. It is a two-story brick home on two acres. Scaife testified that the house was not in condition to rent. However, the district court questioned this as a friend of the family had lived in it for a while. The district court did not abuse its discretion in finding Scaife's testimony lacked credibility. The court did not err by imputing to him the potential rental income.

In his brief, Scaife made no objection to the specific method used to calculate the rental income amounts. Also, after the hearing, the district judge asked the parties

to address several issues, including the rental value of Scaife's vacant home. Scaife did not object to the state's calculation of a rental value. He only made a general objection to imputing the amount as income.

Given the district court did not err by imputing the above income, there is no error in the district court's calculation of Scaife's child support obligation. Therefore, Scaife's remaining assignments of error lack merit.

## DISPOSITION

We affirm the judgment of the district court. All costs of the appeal are assessed to the appellant.

**AFFIRMED.**